UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ORLIN BAQUEDANO CARRASCO                CASE NO.  1:26-CV-01042

VERSUS                                  JUDGE ROBERT R. SUMMERHAYS

BRIAN ACUNA, ET AL.                     MAGISTRATE JUDGE PEREZ-MONTES

## ORDER

Before the Court is "Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction" [ECF No. 9]. For the reasons that follow, Petitioner's motion [ECF No. 9] is DENIED.

Preliminary injunctive relief is an "extraordinary remedy" that should only be granted if the movant has "clearly carried the burden of persuasion" on the following four elements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) granting the injunction will not disserve the public interest.[1] The decision to grant preliminary injunctive relief "is to be treated as the exception rather than the rule."[2]

Here, the Court has concerns as to whether Petitioner is subject to active removal proceedings that authorize his continued detention under 8 U.S.C. § 1225(b)(2). The Charlotte Immigration Court initiated removal proceedings against Petitioner in 2013, but the case has been administratively closed for almost thirteen years.[3] While the government indicates that the

---

[1] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621–22 (5th Cir.1985); *see also Perez v. City of San Antonio*, 163 F.4th 110, 118 (5th Cir. 2025).
[2] *Miss. Power & Light Co.* at 621.
[3] ECF No. 1-2.

Department of Homeland Security has filed a motion to reopen the case, there is no evidence that such a motion has been received by the Charlotte Immigration Court.

Considering the record, however, the Court finds that the relief requested is duplicative of the ultimate relief sought on the merits of the habeas petition. Both Petitioner's motion and the habeas petition request immediate release (or in the alternative, a requirement that the government show cause as to why Petitioner should not be released) and an injunction prohibiting the transfer of Petitioner outside of the Western District of Louisianna.[4] "The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks."[5] Rather, it is to preserve the status quo and "prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits."[6] Where a motion for injunctive relief mirrors the allegations in support of the habeas petition and seeks the same relief (as in this matter), the motion for injunctive relief may be denied.[7] "Otherwise, a motion for preliminary injunction seeking immediate release would function as a form of accelerated review, circumventing the habeas process."[8] For these reasons,

IT IS HEREBY ORDERED that "Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction" [ECF No. 9] is DENIED.

THUS DONE in Chambers on this ___27th___ day of May, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[4] *See* ECF No. 9 at 2-3; ECF No. 1 at 20-21.

[5] *Warner Vision Entm't Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261–62 (2d Cir. 1996); *see also Lackey v. Stinnie*, 604 U.S. 192, 200 (2025).

[6] *Meis v. Sanitas Serv. Corp.*, 511 F.2d 655, 656 (5th Cir. 1975); *see also Sambrano v. United Airlines, Inc.*, 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022).

[7] *Stines v. Superintendent*, No. 24-CV-456, 2025 WL 1448358, at *2 (N.D.N.Y. May 20, 2025) (quoting *Lawry v. Wolcott*, No. 20-CV-588, 2020 WL 4018344, *6 (W.D.N.Y. July 15, 2020); *accord Meade v. Spaulding*, No. 16-CV-2212, 2017 WL 3425181, at *2 (M.D. Pa. Aug. 9, 2017).

[8] *Stines, supra.*